UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00246-FDW-DSC

| | |
|---|---|
| SHARON T. THOMAS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE SALVATION ARMY SOUTHERN )<br>TERRITORY, et. al., )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court following Plaintiff's submission (Doc. No. 7) in response to the Court's Order directing her to respond as to why her claims should not be dismissed pursuant to applicable statute of limitations (Doc. No. 3). The Court hereby incorporates that entire order as if fully set forth herein, including the summation of Plaintiff's prior litigation that was dismissed without prejudice. See Thomas v. The Salvation Army S. Territory, et. al., 3:14-cv-403-RJC, Order found at Doc. No. 4 (W.D.N.C., October 10, 2014); Thomas v. The Salvation Army S. Territory, 841 F.3d 632 (4th Cir. 2016).

Plaintiff filed the instant case on May 8, 2017, six months to the day after the Fourth Circuit had issued its opinion affirming the district court's dismissal. By May 8, 2017, however, the statute of limitations had expired for Plaintiff's claims, and nothing in the Fourth Circuit or district court's prior opinions had specifically provided a one-year savings clause to toll the statute of limitations in this matter. See Doc. No. 3, pp. 7-8 (collecting cases and other applicable law). Accordingly, the Court noted Plaintiff's federal claims for relief must be dismissed unless Plaintiff could establish entitlement to equitable tolling of the statute of limitations. In response to this Court's directive to address the statute of limitations issue, Plaintiff submitted her explanation that in

1

reliance on the advice of pro bono counsel who assisted Plaintiff on appeal, Plaintiff attempted to timely refile this action via submission of an amended complaint in the prior case. Thomas v. The Salvation Army S. Territory, et. al., 3:14-cv-403-RJC, (W.D.N.C., October 10, 2014). Plaintiff did not uncover her error until she inquired into the status of her case with the Clerk's office on May 8, 2017. Upon learning of the error, she promptly filed the instant matter.

Based upon the review of the record in this matter, including correspondence between Plaintiff and her pro bono appellate counsel (Doc. No. 7, pp. 9-11), as well as the record in the related case from this Court and the related opinion from the Fourth Circuit Court of Appeals, the Court finds this to be the rare instance where Plaintiff has shown minimally sufficient grounds to apply equitable tolling. The Court notes this ruling, pursuant to the Court's initial review of the Complaint under 28 U.S.C. § 1915, is *without prejudice* to the rights of all Defendants to file any motion to dismiss or otherwise respond to the allegations in the Complaint. In other words, Defendants shall be free to appropriately respond with any affirmative defense, as well as any applicable motions under Federal Rule of Civil Procedure 12 or other applicable law.

IT IS, THEREFORE, ORDERED that Plaintiff's Complaint survives initial review under Section 1915(e). The Clerk of Court shall mail Plaintiff summons forms for Plaintiff to fill out and return to the Court for the U.S. Marshal to serve process on Defendants. When the Clerk receives the summons form, the Clerk shall instruct the U.S. Marshal to serve process upon Defendants.

IT IS SO ORDERED.

Signed: April 6, 2018

Frank D. Whitney
Chief United States District Judge