UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00246-FDW-DSC

| | | |
|---|---|---|
| SHARON T. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE SALVATION ARMY SOUTHERN TERRITORY, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER comes now before the Court on Defendants The Salvation Army Southern Territory, F. Bradford Bailey, The Salvation Army, and Deronda Metz's Motion to Dismiss (Doc. No. 21); Defendants Bobby Lancaster and Barbara Green's Motion to Dismiss (Doc. No. 33), and Plaintiff's Motion for Default Judgment as to Defendants Victory Christian Center, Incorporated ("Victory Christian"), Church in the City Ministries ("Church in the City"), Cathy LNU, Lancaster, and Green (Doc. No. 28). Upon review by the Court and for the reasons stated below, Defendants Salvation Army Southern Territory, Bailey, Salvation Army, and Metz's Motion to Dismiss (Doc. No. 21) is GRANTED, Defendants Lancaster and Green's Motion to Dismiss is GRANTED IN PART (Doc. No. 33), and Plaintiff's Motion for Default Judgment (Doc. No. 28) is DENIED.

**BACKGROUND**

According to the Complaint (Doc. No. 1),[1] Plaintiff, who appears pro se, is a resident of

---
[1] In their Memorandum of Law in Support of Motion to Dismiss (Doc. No. 22), Defendants Salvation Army Southern Territory, Bailey, Salvation Army, and Metz describe three complaints filed by Plaintiff at various points, dating back to July 24, 2014 (Doc. No. 22, p. 2-3) and reference the initial complaint in the instant action as the "Third Complaint," (Doc. No. 2, p. 3). While the procedural history explained below recognizes this is not the first time Plaintiff has sought relief for her alleged claims, the Court notes the only complaint filed in this action is the complaint discussed here (Doc. No. 1).

1

Charlotte, North Carolina. Id. at ¶ 2. Plaintiff was referred to Monarch Mental Health Care ("Monarch"), a non-profit organization, to receive treatment. Id. at ¶ 3; see also Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 635 (4th Cir. 2016). After becoming homeless early in 2012, Plaintiff arrived at the Salvation Army Center of Hope in Charlotte on July 12, 2012, where she completed paperwork and signed an agreement whereby she agreed to follow all policies, rules, and procedures (Doc. No. 1, ¶ 14). Due to overcrowding at the Salvation Army, Plaintiff was transferred to Church in the City, run by Victory Christian. Id. at ¶ 17. During an intake interview at Church in the City, Plaintiff disclosed her mental and physical disabilities, services from Monarch, and medications. Id. at ¶ 21. Plaintiff contends while Church in the City was strict, it was clean and quiet; they also accommodated Plaintiff's physical ailments when assigning chores and sleeping arrangements. Id. at ¶ 21-22. Plaintiff further contends she followed Church in the City's requirements and "did not receive any write up, reprimands, or corrective action" from the entity. Id. at ¶ 22.

During her stay at Church in the City, Plaintiff visited the Salvation Army Center of Hope on July 19, 2012, for an official intake assessment, where she again disclosed her treatment from Monarch and authorized Monarch to release information to the Salvation Army. Id. at ¶ 23. During the week of July 31, 2012, Plaintiff returned to the Salvation Army to meet with a doctor. Id. at ¶ 24. Plaintiff's purpose for this visit was to obtain a refill prescription for her anti-depressant; the doctor referred Plaintiff to Carolinas Medical Center Behavioral Health ("CMC") to receive medication and prescriptions, although the treating psychiatrist recorded no concerns. Id. at ¶ 24. The same week, Plaintiff met with her assigned case manager and reviewed her housing and mental health needs. Id. at ¶ 25.

2

Plaintiff's alleged difficulties with the shelters began August 12, 2012, when she was informed she would be evicted from Church in the City. Id. at ¶ 30. Once she had been evicted, Plaintiff was then informed the reason for her eviction was that she missed curfew. Id. at ¶ 30. Plaintiff subsequently attempted to return to the Salvation Army Center of Hope but was instructed she could not return because she had been evicted from Church in the City. Id. at ¶ 31.

The following day, Plaintiff returned to Monarch, who advised Plaintiff to contact Salvation Army to see if she could return. Id. at ¶ 34. Upon calling Salvation Army, Plaintiff spoke to her prior case manager and was again told the reason for her eviction was missing curfew, an accusation Plaintiff denied and continues to deny. Id. at ¶ 34. While on the phone call, Plaintiff responded by accusing the manager of acting in concert with Church in the City and further accused her of unethical conduct. Id. at ¶ 34. Later that day, Plaintiff called Metz, a director at Salvation Army, about her eviction. Id. at ¶ 34. Metz did not give Plaintiff a specific reason for her eviction, but instead told Plaintiff she was not a good fit for the shelter. Id. at ¶ 34.

The next day, Plaintiff went to Monarch to attempt to find housing but was unsuccessful. Id. at ¶ 36. She then went to the Charlotte-Mecklenburg Police Department ("CMPD"), whereupon two CMPD officers transported her to the Salvation Army Center of Hope where she was denied entry. Id. at ¶ 36. The staff member who spoke to Plaintiff told her she was instructed by the director (the Complaint is unclear whether the director was Metz in this context) not to allow Plaintiff to stay there. Id. at ¶ 36. When asked why, the staff member indicated "she believed it was due to mental health reasons and stated that if Plaintiff submitted to a psychiatric/psychological evaluation she would be admitted back to the program." Id. at ¶ 36. The CMPD officers then transported Plaintiff to CMC and informed the Emergency Room staff

Plaintiff needed to be evaluated to continue her residency at the Salvation Army Center of Hope. Id. at ¶ 37. Plaintiff underwent evaluation from a psychiatrist, who allegedly determined Plaintiff had no mental health problems and advised her to "continue taking [her] medication." Id. at ¶ 37. After receiving her discharge materials, Plaintiff sought to return to the Salvation Army Center of Hope, but was refused admission, allegedly without being given a reason or explanation. Id. at ¶ 38.

Around September 1, 2012, Plaintiff received a letter from Lancaster indicating the decision to evict Plaintiff was based on some of her actions that were disrespectful and hostile to staff members attempting to assist her. Id. at ¶ 40. Plaintiff denies this allegation, suggesting she never received any communication regarding her actions. Id. at ¶ 40. The letter from Lancaster further stated the Salvation Army Center for Hope would be willing to accept Plaintiff back if she agreed to a mental health evaluation and stabilization services. Id. at ¶ 40. Plaintiff then proceeded to file her original suit in July 2014. Thomas, 841 F.3d at 636.

**PROCEDURAL HISTORY**

In a previous case, the district court dismissed with prejudice all of Plaintiff's original claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Id.; see also Thomas v. The Salvation Army S. Territory, 3:14-cv-403-RJC-DCK, 2014 WL 12639858 (W.D.N.C. Oct. 8, 2014). The Fourth Circuit subsequently affirmed the district court's ruling, remarking that dismissal of the complaint was warranted "given its multiple deficiencies, namely the omission of the nature of any illness much less the presence of such illness as a causative agent of the Salvation Army's decision." Thomas, 841 F.3d at 642. The Fourth Circuit, did, however modify the district court's ruling to dismiss the claims "without prejudice," noting Plaintiff did not have an

opportunity to respond or amend her complaint prior to its dismissal. Id. at 642. Plaintiff then filed the instant case before the Court. The claims survived initial review under 28 U.S.C. § 1915(e), this Court granted equitable tolling to Plaintiff (Doc. No. 8), and the case has progressed to the current point.

In the case at bar, Plaintiff alleges Defendants violated her rights under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*., the North Carolina Fair Housing Act, N.C. Gen. Stat. § 41A-1 *et seq*., the Rehabilitation Act, 29 U.S.C. § 701 *et seq*., and unlawfully conspired to interfere with Plaintiff's civil rights under 42 U.S.C. § 1985 (Doc. No. 1, p. 17-21). Defendants Bailey, Metz, Salvation Army, and Salvation Army Southern Territory filed their motion to dismiss on June 5, 2018 (Doc. No. 21). On June 19, 2018, the Court granted Plaintiff's motion for an extension of time, advising Plaintiff of the burden she carried in responding and cautioning the Defendants, and that failure to respond may result in dismissal of the complaint with prejudice (Doc. No. 27). On July 5, 2018, Plaintiff filed a motion for default judgment as to defendants Victory Christian, Church in The City, Cathy, Lancaster, and Green (Doc. No. 28). The Court notes that no entry of default was recorded by the clerk prior to this Motion. Defendants Green and Lancaster filed a response (Doc. No. 32) and accompanying motion to dismiss (Doc. No. 33) one week later asserting Plaintiff failed to properly serve them. On July 24, 2018, Plaintiff received an additional extension of time by the Court and was again advised that in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), she has a right to respond to Defendants' Motion to Dismiss and that failure to do so may result in dismissal of the complaint with prejudice. Roseboro, 528 F.2d at 310.

## APPLICABLE LEGAL STANDARD

Each of Defendants' motions are based on the 12(b)(6) standard of the Federal Rules of Civil Procedure while applying a pro se/liberal interpretation of the pleadings. The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). The court may grant a motion to dismiss only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Nevertheless, "while [the court] must take the facts in the light most favorable to the plaintiff, [the court] need not accept the legal conclusions drawn from the facts . . . [or] unwarranted inferences, unreasonable conclusions, or arguments." Id.; see also Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995) (stating that the court is not required to accept "conclusory allegations regarding the legal effect of the facts alleged").

As to Plaintiff's motion, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Only after a party's default has been entered by the clerk, may a default judgment be entered. Fed. R. Civ. P. 55(b). Additionally, "a default judgment generally may not be entered as a sanction 'without first giving notice of . . . intent to do so and without affording an opportunity for a hearing.'" RDLG, LLC v. Leonard, 649 F. App'x 343, 347 (4th Cir. 2016) (quoting Ford v. Alfaro, 785 F.2d 835, 840 (9th Cir. 1986)).

ANALYSIS

**A. Motion to Dismiss by Defendants F. Bradford Bailey, Deronda Metz, The Salvation Army, and The Salvation Army Southern Territory (Doc. No. 21)**

1) Fair Housing Act Claim

Plaintiff's Complaint seeks injunctive relief as well as actual and punitive damages. To the extent injunctive relief is sought, Plaintiff must show she "'is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" Lebron v. Rumsfeld, 670 F.3d 540, 560 (4th Cir. 2012) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)). Past exposure to illegal conduct is not sufficient to be awarded an injunction. Lyons, 414 U.S. at 102.

Plaintiff concedes she has been living with her sister since May 5, 2014, on a temporary agreement (Doc. No. 1, p. 21-22). Plaintiff has also alleged her sister asked her to move from her premises on December 25, 2016 (Doc. No. 1, p. 57). However, the Complaint does not allege Plaintiff needs or wants to return to any of the named parties for housing assistance. As a result, the failure to make this allegation is determinative of the outcome of this issue.

Regarding actual and punitive damages, the FHA standard prohibits activity "to 'make unavailable or deny . . . a dwelling to any buyer or renter because of a handicap,' . . . or to 'discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of a handicap.'" Thomas, 841 F.3d at 639 (citing various provisions of 42 U.S.C. § 3604). Defendants argue Plaintiff is not a renter or a dweller under the meaning of the statute, which the Fourth Circuit declined to address in its published opinion. See id. Given

7

Plaintiff's generally normal evaluations by psychiatrists, see Doc. No. 1, ¶ 37, further evidence is necessary for this Court to find she has a mental disorder under the FHA.  Plaintiff is required to demonstrate whether the entities in this suit discriminated against her *because of* a disability.  See 42 U.S.C. § 3604(f)(1); see also Thomas, 841 F.3d at 639.  The Fourth Circuit concluded, based on communications between Thomas and the Salvation Army, there were "legitimate reasons" for Plaintiff's denial.  Thomas, 841 F.3d at 639.  This Court finds the Complaint at issue here does not cure that defect, as Plaintiff concedes Defendants may have had legitimate reasons in the form of the letter from Lancaster indicating Plaintiff exhibited hostile and threatening actions towards staff at Defendant facilities.  (Doc. No. 1 ¶ 40).  The Fourth Circuit also observed this in its published opinion.  See id. at 639-40.  Furthermore, a statutory exception exists which does not extend FHA protection to individuals posing a threat to others.  Id. at 640; 42 U.S.C. § 3604(f)(9).  Lancaster's letter makes clear Salvation Army's concern was the health of others (or the risk posed by Plaintiff to others), particularly in light of Salvation Army's willingness to accept her back into the program provided she underwent further treatment.   Because the Complaint fails to demonstrate Plaintiff was denied housing solely on the basis of a handicap required by the FHA claim, dismissal is appropriate under Rule 12(b)(6).

2) Rehabilitation Act Claims

Like the FHA, the Rehabilitation Act ("RA") similarly prohibits discrimination based on disability.  However, it only applies to programs receiving federal assistance.  See 29 U.S.C. § 794.  Moreover, the discrimination must take place *solely* on the basis of the discrimination as opposed to other factors.  Id.  Given the factors listed above (i.e., the public health factor), the RA exclusivity standard cannot be satisfied.  The Complaint does not allege any of the Defendant

entities receive federal funds. Additionally, the plaintiff must demonstrate "that the exclusion was 'solely by reason of her or his disability' . . . a stricter causation requirement than the ADA or FHA, under which the disability can be one of multiple causes. Thomas, 841 F.3d at 641 (quoting Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461-62 (4th Cir. 2012)). Because the Complaint fails to satisfy the exclusion component required by a Rehabilitation Act claim, dismissal pursuant to Rule 12(b)6 is warranted.

3) Section 1985 Claims

To pursue a § 1985 claim, Plaintiff must show: (1) a conspiracy of two or more people, (2) who are motivated by a class-based, invidious animus to (3) deprive Plaintiff of equal protection of the law (4) resulting in injury to the Plaintiff as (5) a consequence of an overt act committed by the defendants. Thomas, 841 F.3d at 637 (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)). Although the Complaint indicates Plaintiff asked for more information about the relationship between some of the Defendants, it fails to sufficiently allege a conspiracy. At best, it indicates Plaintiff verbally accused Defendants of engaging in a conspiracy to the case manager, but Plaintiff fails to assert relevant allegations against Defendants in the Complaint here. Furthermore, the § 1985 allegation suffers from the same defect that the FHA claim has, namely, class-based discrimination (i.e., the shelters were protecting themselves from someone they perceived as a risk to public health). Thus, the Motion should be granted as to the Section 1985 claim.

4) Statute of Limitations and Equitable Tolling

Defendants' Memorandum in Support of their Motion to Dismiss argues that Plaintiff's claims are barred by the applicable statute of limitations. (Doc. No. 22, p. 4). However, the Court

9

has previously granted equitable tolling to Plaintiff following initial review, based upon "correspondence between Plaintiff and her pro bono appellate counsel (Doc. No. 7, pp. 9-11), as well as the record in the related case from this Court and the related opinion from the Fourth Circuit." (Doc. No. 8). The Fourth Circuit in amending the original dismissal to be without prejudice has indicated a willingness to allow Plaintiff to bring her claim, rendering the issue moot on this basis. Because the Court is deciding this motion on the merits, the Court need not address Defendants' Motion as it relates to these arguments.

5) Supplemental Jurisdiction

Because Plaintiff's federal claims fail, the Court may, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). Furthermore, it should be noted the Court has declined to exercise supplemental jurisdiction previously, see Thomas v. The Salvation Army S. Territory, 3:14-cv-403-RJC-DCK, 2014 WL 12639858 (W.D.N.C. Oct. 8, 2014). That ruling was upheld by the Fourth Circuit. Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 642 (4th Cir. 2016). Similarly, the Court here exercises its discretion in declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

**B. Motion to Dismiss by Defendants Barbra Green and Bobby Lancaster (Doc. No. 33)**

Defendants Lancaster and Green contend they were never properly served. The record indicates that the United States Marshall Service attempted to serve both Defendants but was unsuccessful in locating the above individuals. (Doc. Nos. 12–13). If a defendant is not served within 90 days after the complaint is filed, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

At the time of Defendants' Motion, fourteen months had passed since Plaintiff filed her complaint, and more than 90 days have passed with no indication on the docket that Defendants Lancaster and Green ever received proper service. Therefore, in accordance with Rule 4(m), the Motion is granted in part, and the Complaint is dismissed without prejudice as to these Defendants.

### C. Plaintiff's Remaining Claims

Although Plaintiff seeks default judgment against Defendants Victory Christian, Church in the City, Cathy, Lancaster, and Green, the relief is not appropriate on this record. As noted above, Defendants Green and Lancaster were never properly served, and the Court's ruling as to dismissal without prejudice render this Motion moot as to these defendants (Doc. No. 32, p. 2). As to the other defendants, the docket indicates the summons were properly executed as to Victory Christian, Church in the City, and Cathy (Doc. Nos. 14–18). However, entry of default was never recorded with the clerk pursuant to Fed. R. Civ. P. 55(a). Thus, Plaintiff's failure to seek entry of default from the clerk prior to making this Motion for default judgment requires the Motion be denied as to these Defendants. Fed. R. Civ. P. 55(a) (requiring the clerk to enter a party's default before entry of default judgment). Even if the Court liberally construes Plaintiff's Motion as seeking entry of default, the Court finds dismissal is appropriate here.

The Court finds that regardless of whether Plaintiff was in compliance with Rule 55, the Complaint still fails to sufficiently state a claim against Defendants Victory Christian, Church in the City, and Cathy. "A district court may *sua sponte* dismiss a complaint for failure to state a claim, and where the face of a complaint plainly fails to state a claim for relief, the district court has 'no discretion but to dismiss it.'" Nix v. NASA Fed. Credit Union, 200 F. Supp. 3d 578, 586 (D. Md. 2016) (citing Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 n.10 (4th Cir. 2006). In Nix,

the court held that although the individual defendants did not move to dismiss the complaint against them, it was appropriate for the court to issue a *sua sponte* dismissal for plaintiff's failure to state a claim. Id. Similarly, although Defendants Victory Christian, Church in the City, and Cathy did not move for dismissal or otherwise appear, the Complaint against them fails to adequately state a claim for the same reasons as above. As such, dismissal without prejudice of the Complaint against these defendants is warranted.

## CONCLUSION

Accordingly, this Court concludes that Defendants Salvation Army Southern Territory, Bailey, Salvation Army, and Metz's Motion to Dismiss (Doc. No. 21) is GRANTED, Defendants Lancaster and Green's Motion to Dismiss (Doc. No. 33) is GRANTED IN PART for Insufficient Service of Process (Doc. Nos. 12-13), and Plaintiff's Motion for Default Judgment (Doc. No. 28) is DENIED.

**THEREFORE, IT IS HEREBY ORDERED** that the Complaint against Defendants Salvation Army Southern Territory, Bailey, Salvation Army, and Metz be **DISMISSED WITH PREJUDICE**; and the Complaint against Defendants Green, Lancaster, Victory Christian, Church in the City, and Cathy be **DISMISSED WITHOUT PREJUDICE**. The Clerk is respectfully directed to close the case.

**IT IS SO ORDERED**.

Signed: February 20, 2019

_[signature]_

Frank D. Whitney
Chief United States District Judge